JAMES WATSON, Plaintiff in Error, *v.* BUCHANAN COUNTY, Defendant in Error.

1. *Military bounties —Buchanan county —County Court—Orders, construction of — Right of volunteers to balance of bounty money.*— Under authority of an act of the General Assembly (Sess. Acts 1863–4, p. 39), the County Court of Buchanan county, on the second day of August, A. D. 1864, made a general appropriation of the sum of $120,000, to be applied to the payment of bounties to soldiers credited to the enrollment of the county. Subsequently, on the twentieth day of the same month, said court adopted a further order establishing a bounty of $200 to be paid to volunteers credited to the county under the "late call." The United States made four "calls" for troops in the year 1864 — in February, March, July, and December, respectively. *Held,* that a soldier who volunteered under the December call was not accredited to the county under the "late call," within the meaning of the order, and was, therefore, not entitled to bounty under that order. Under these circumstances, the fact that a balance of the appropriation remains undisposed of does not give a soldier enlisted under the December call any legal interest in such balance.

*Error to Fifth District Court.*

*T. A. Green,* for plaintiff in error.

*W. S. Everett,* for defendant in error

CURRIER, Judge, delivered the opinion of the court.

This suit is brought to recover the sum of $200, military bounty money alleged to be due the plaintiff from the county of

Buchanan. The petition is demurred to as insufficient in law on two specified grounds. The Circuit Court sustained the demurrer, and rendered judgment for the defendant. This judgment was affirmed in the District Court, and the plaintiff brings the case here by writ of error.

The statute (Sess. Acts 1863–4, p. 39) authorizes the respective county courts of the State " to give such bounties as they think proper to soldiers who may volunteer in the Missouri volunteers, in the United States military service." Under the authority of this act, the Buchanan County Court, August 2, 1864, made a general appropriation of the sum of $120,000, to be applied in the payment of bounties to soldiers " credited to the enrollment of the county ;" but the order fixes no amount to be paid to any individual soldier. It merely establishes a military bounty fund, to be drawn on as might thereafter be provided. On the 20th of the same month the court adopted a further order to carry the first into practical effect, and thereby fixed the terms and conditions upon which the contemplated bounty should be paid over to individual volunteers, and the amount to be paid to each respectively, to-wit: $200. It further provided that the fund should be concentrated in the hands of the county treasurer, whence it was to be distributed by him to volunteers who should be or should have been " accredited to the county of Buchanan on her *quota* under the late call," and who should present to the treasurer a certificate of that fact, duly authenticated by the county seal. This order fixes the mode and means of raising the proposed fund, and goes extensively into details not important to be here recapitulated. The petition shows that the United States made four calls for troops in 1864—namely: one in February, one in March, one in July, and one in December—and that the plaintiff volunteered under the December call, and that he was thereon " accredited to said county." Does this satisfy the condition upon which the $200 bounty money was to be paid to individual volunteers, as provided in the order of August 20, 1864, namely: that the accrediting should be upon the " late call ?" That is the question submitted for adjudication.

Whether the court, in the order of August 20, had in mind

and intended to provide alone for the call of July, as the "late call" mentioned in the order, or whether it had in mind and intended to provide for the February and March calls as well, might be a question. In other words, it might be a question as to whether the word "call," as used in the order, should be construed in the singular or plural number. But it is difficult to discover any reasonable ground for maintaining the proposition that the call or calls mentioned in the order as then existing and "lately" made, included, or were intended to include, a call not then in existence, and which was not made till months after, and which the court had no power to foresee would ever be made. There is nothing in the framework or phraseology of the order warranting such prospective application of it. Confusion on this point would seem to have arisen from regarding the order of August 20, which merely established a fund to be drawn upon for a particular purpose, as vesting in the volunteer a specific personal right; whereas the order of August 20 defined the rights of the individual soldier, and by that his pretensions must be judged. That clearly had reference to past calls, and not to calls which might thereafter be made. The demurrer, therefore, on that point was well taken, and must be sustained. The other point raised by the demurrer is substantially confessed in the argument. The alleged declarations and promises of Judge Schreiber are relied upon as having a tendency to show, by his subsequent acts, how he must have understood the order adopted by the court in August, rather than as original, independent grounds or causes of action. Besides, the supposed promise of the county, alleged to have been made by Judge Schreiber, is not shown by the pleadings to be based upon any consideration. The averments show a promise, but no consideration—a mere *nudum pactum*.

But it is unnecessary to pursue the matter, as the individual acts of Judge Schreiber are relied upon merely as aids to a proper understanding and true construction of the August orders of the County Court, and not as in themselves sufficient to warrant a judgment against the county.

It is urged that a considerable balance of the $120,000 bounty

fund remains unused in the hands of the county officers. That is a matter for the county to look after. The supposed fact has no material bearing upon the issues of law raised by the demurrer. It does not follow from the fact of a balance that the plaintiff has any legal interest therein.

For the consideration stated, the judgment of the District Court must be affirmed. Judge Wagner concurs. Judge Bliss, having been of counsel, not sitting.